**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| Eleanor Lovinfosse, individually and on behalf of all similarly situated, ) ) | Case No.: 1:23-cv-00574-RDA-LRV |
| Plaintiff, ) ) | District Judge: Honorable Rossie D. Alston, Jr. |
| ) | Magistrate Judge: Honorable Lindsey R. Vaala |
| v. ) ) ) ) | |
| Lowe's Home Centers, LLC, ) ) | |
| Defendant. ) | |

**DEFENDANT LOWE'S HOME CENTERS, LLC'S REPLY IN SUPPORT OF ITS RENEWED MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff's opposition does not, and cannot, save her amended complaint against Lowe's Home Centers, LLC ("Lowe's").

## ARGUMENT

**I.      Plaintiff's Claims Do Not Meet the Class Action Fairness Act's ("CAFA") $5 Million Jurisdictional Threshold.**

Plaintiff's opposition displays continued misapprehensions of law.  In sum, Plaintiff's position is that her amended complaint is not limited to the items she purchased, so any item that Lowe's sells online *could* potentially be considered for the CAFA jurisdictional threshold inquiry.  (ECF No. 27 at 1.)  That argument cannot stand.

First, Plaintiff's class definition does not go beyond the allegedly-unwanted product she purchased: the water hose.  (Am. Comp. ¶ 47.)  To circumvent the very product *she* identified in her Complaint, Plaintiff offers an unconvincing reading of Lowe's argument regarding definition of "the Product."  (ECF 27 at 4.)  Plaintiff claims that based on Lowe's motion to dismiss, "the Product" includes or should include the "General Electric 2.4 cubic feet High Efficiency Stackable Steam Cycle Front Load Washer."  *Id.*[1]  But Lowe's does not bear the pleading burden here, and Lowe's motion to dismiss cannot fill in the gaps in Plaintiff's amended complaint.  Lowe's motion to dismiss certainly cannot contradict Plaintiff's own explanation of what "the Product" is in *her* complaint.

According to the amended complaint, "[t]he item in question is the 'EASTMAN 2-Pack 6-ft 3/4-in Fht Inlet x 3/4-in Fht Outlet Stainless Steel Washing Machine Connector,' in layman's terms, a water hose, which costs $34.98 and is identified as 'Required for Use.'"  (Am. Comp. ¶

---

[1] As Lowe's explained, CAFA jurisdiction still is not met even if the washer is included and even if the improper multistate class could continue.  (*See* ECF No. 25 6 n.2) (explaining that the "combined online sales for the washer . . . and the water hose in the relevant states since 2019 is $381,959.74).

2

19.) So, in Plaintiff's own words, "the Product" that is at-issue is the water hose alone. *Id.* It is not the GE washer (item #GFW148SSMWW) that Plaintiff purchased with the water hose. *Id.* In fact, Plaintiff nowhere contends that she did not intend to buy the washer, nor does she claim that the washer was "snuck into her basket." *See generally* Am. Compl. Instead, what Plaintiff claims that she did not intend to buy was the water hose—i.e., "the Product."[2]

Second, Lowe's motion to dismiss put forth competent evidence that the sales for the water hose fall significantly below the CAFA threshold. (*See* ECF 25, Ex. A.) Lowe's submitted a sworn declaration establishing that the "total online sales of the water hose in combination with the washer from 2019 (the year that Lowe's selling the washer) to the present in the relevant states is approximately $13,813.11—far below the $5 million threshold for CAFA." (ECF No. 25 (citing Ex. A ¶ 8).) This paltry sum represents ***all states*** listed in the multistate class, even those states for which Plaintiff ***herself*** lacks standing to sue. (*See* ECF 25 at 8-9.) The only state whose laws that Plaintiff ***herself*** has standing to pursue claims under, Virginia, had even less in sales. (*See* ECF No. 25 at 8 n.3 (explaining that Virginia sales amounted to $7,236 (citing Ex. A ¶ 10).)[3]

---

[2] It is worth noting, that even though Plaintiff's opposition claims that the amended complaint did not intend to define "the Product," the use of the singular "Product" with a capitalized "P" suggests that Plaintiff did. (*See* Am. Comp. ¶¶ 47, 63, 76, 81, 84.) It also suggests that Plaintiff rightfully limited her definition to the at-issue water hose. (*See id.* ¶ 19.) That Plaintiff's insistence that the amended complaint does not define "the Product" compounds the confusion. (ECF 27 at 4.) At the very least, the use of the singular, capitalized "Product" causes confusion in contravention of Rule 8 of the Federal Rules of Civil Procedure. Thus, this provides another basis for dismissal.

[3] Plaintiff does not seriously contest that punitive damages or statutory damages could take Virginia sales over the finish line and cites no authority that it could. Instead, Plaintiff baldly claims, without citation to authority, that she could do so "[c]onsidering statutory and punitive damages." (ECF 27 at 6.) But as Lowe's previously explained, punitive damages cannot reach the requisite amount here. (*See* ECF 25 at 7.) Plaintiff's opposition is deafeningly silent on that analysis. And the only potentially applicable statutory damages would be under the VCPA. By statute, if Plaintiff can prove willful violation, "it may increase damages to an amount not exceeding three times actual damages sustained, or $1,000, whichever is greater." Va. Stat. Ann. § 59.1-204. Considering that only 221 transactions occurred in Virginia since 2019, (*see* ECF No.

3

Plaintiff's attempted rebuttal of this clear evidence that speaks for itself is weak. (*See* ECF 27 at 4-5.) Plaintiff attempts to rebut this by citing to a publicly-filed financial document that shows Lowe's overall projected revenue in 2023—without breaking this revenue down by specific products or even categories of products. (*Id.* at 5-6.) This makes little sense in a CAFA jurisdiction threshold analysis for a single product. Moreover, Plaintiff's position—that all she need show is that Lowe's generated significant, non-specific, company-wide revenue to meet CAFA's jurisdictional threshold—would render CAFA's statutory jurisdictional threshold meaningless.

In fact, Plaintiff's opposition admits that reliance on Lowe's overall revenue is flawed. Plaintiff concedes that this comprehensive revenue number does not disclose "the proportion of online sales compared to in-store sales." (ECF 27 at 6.) But despite this damaging concession, Plaintiff then attempts to rely on a news article to extrapolate what potential online sales are. *Id.* But even if Plaintiff could indeed show what Lowe's online sales are, Plaintiff's Complaint does not—and cannot—allege that ***all*** Lowe's online sales are a result of items that are "snuck" into customers' baskets. The Court should not accept this flimsy attempt to meet the requirements for CAFA jurisdiction.

Plaintiff is required to put forth competent evidence to demonstrate subject matter jurisdiction here. *See McLearly-Evans v. Md. Dept. of Envt.*, 2013 WL 1890743, at *1 (D. Md. May 3, 2013) (granting Rule 12(b)(1) motion to dismiss and stating that "[s]ince the Department has made a factual challenge to the Court's subject-matter jurisdiction, it is incumbent upon Plaintiff to provide admissible evidence" supporting subject matter jurisdiction); *see also Moffatt v. Spensky*, 2012 WL 3853322, at *5 (S.D. W.Va. Sept. 5, 2012) ("Plaintiff bears the burden of

---

25 at 8 n.3 (citing Ex. A ¶ 10)), this would put the amount-in-controversy at $221,000—still not even close to $5 million.

establishing subject matter jurisdiction and thus is charged with bringing forth sufficient admissible evidence to support their claims."). Where a Plaintiff fails to meet this burden, the Court *must* dismiss her complaint for a lack of subject matter jurisdiction. *See, e.g.*, Fed. R. Civ. P. 12(h)(3)( "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Acevado v. Citibank, N.A.*, 2019 WL 1437575, at *9-11 (S.D.N.Y Mar. 31, 2019) (dismissing for lack of subject matter jurisdiction where defendant collected in total around $2.5 million in fees at-issue); *Harris v. CVS Pharm., Inc.*, 2015 WL 4694047, at *3 (C.D. Cal. Aug. 6, 2015) ("Even considering the sales numbers most favorable to [p]laintiff, the total amount of sales . . . did not exceed $1,192,234."); *Reilly v. Amy's Kitchen, Inc.*, 2 F. Supp. 3d 1300, 1304 (S.D. Fla. 2014) (dismissing for lack of subject matter jurisdiction where defendant sold just over $1 million of the products at issue during statutory period).[4]

An online news article speculating about the value of overall online sales for a given year is not competent, admissible evidence. In fact, it is rank hearsay. It cannot be used to contradict Lowe's sworn declaration in support of its Motion to Dismiss. *See Berry v. Dep't of Corrections*, 2024 WL 1376214, at *2 n.2 (E.D. Va. Mar. 24, 2024) ("Newspaper articles are hearsay and are not evidence that can dispute a proper affidavit [on personal knowledge and the records maintained in the regular and ordinary course of business.]").

In the end, Plaintiff's argument is completely speculative. It provides raw sales data then extrapolates based on *estimated population sizes* in several states Plaintiff seeks to represent individuals: Virginia, Arkansas, Kentucky, Idaho, Montana, Alaska, South Carolina, Tennessee,

---

[4] The Court should only consider the value of the at-issue product. But even if the Court were to consider the total value of online sales and punitive damages for both the washer (item #GFW148SSMWW) and the water hose at issue, that total value still falls severely below the CAFA jurisdictional threshold. *See* ECF 25.

and Utah. But estimated, relative population size has nothing to do with state-specific sales from a specific retailer, and Plaintiff provides no support for the assumption that estimated population size accurately estimates total revenue in any state. Such speculative calculations, based on inadmissible evidence, cannot and does not suffice to establish jurisdiction. *See Bartnikowski v. NVR, Inc.*, 307 F. App'x 730, 731 (4th Cir. 2009) (affirming remand of case removed under CAFA jurisdiction "estimates of the amount in controversy were too speculative" and estimates based on "wholly unsupported assumption"); *CarMax, Inc. v. Sibley*, 2017 WL 2058267, at *3 (E.D. Va. Apr. 17, 2017) (stating that "[m]ere speculation falls short of establishing the amount in controversy"); *see also e.g.*, *Porter v. MetroPCS Commc'ns Inc.*, 592 F. App'x 780, 782 (11th Cir. 2014) (affirming the lower court's decision that rejected an attempt to establish the CAFA amount in controversy through total revenue with no revenue breakdown showing "what amounts came from each source.").

Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's claims—even assuming Plaintiff could represent individuals from states other than Virginia.

## II. Plaintiff Lacks Standing to Bring Class Claims *Under the Laws of States* Where She Does Not Reside *and Has Not Suffered Injury*.

Plaintiff's argument on standing also misses the mark. Standing, like CAFA jurisdiction—is a threshold jurisdictional issue. *In re Interior Molded Doors Antitrust Litig.*, 2019 WL 4478734, *12 (E.D. Va. Sept. 18, 2019) (quoting *Cent. Wesleyan Coll. v. W.R. Grace & Co.*, 6 F.3d 177, 188 (4th Cir. 1993)).

Plaintiff misconstrues and incorrectly simplifies Lowe's argument on standing. Lowe's does not argue that Plaintiff did not suffer an alleged injury-in-fact by purchasing a purportedly unnecessary water hose as Plaintiff suggests. (ECF 27 at 7.) Lowe's instead argues that Plaintiff

lacks standing to pursue claims under those state's laws. (*See* ECF 25 at 8-9.) The difference between the two points is straightforward.

In fact, this Court has addressed this very issue on multiple occasions and held that a named plaintiff cannot assert claims under laws of the state which she suffered no injury. *See In re Interior Molded Doors Antitrust Litig.*, 2019 WL 4478734, *12 (E.D. Va. Sept. 18, 2019) ("[T]he standing analysis must not only focus on each named plaintiff, but also on that plaintiff's right to assert the claim under the specific law that grants relief."); *Knapp v. Zoetis Inc.*, 2021 WL 1225970, at *10 (E.D. Va. Mar. 31, 2021) (explaining that plaintiffs have no standing to bring claims under the statutes or laws of a state where they: (1) do not reside and (2) have not been harmed).

Plaintiff herself has alleged injury arising in only one state. (*See* Am. Compl. ¶ 33.) The only allegation specific to Plaintiff is that she is a Virginia resident. *Id.* There are absolutely no allegations related to the other states she attempts to bring claims on behalf of. "[A] claim cannot be asserted on behalf of a class unless at least one named plaintiff has suffered the injury that gives rise to that claim." *In re Interior Molded Doors Antitrust Litig.*, 2019 WL 4478734, at *12.

Plaintiff's reliance on *Singh* does not solve her problem. *See Singh v. Lenovo (United States) Inc.*, 510 F. Supp. 3d 310, 319 (D. Md. 2021). *Singh* was decided by a sister court and had multiple named plaintiffs. *Id.* The plaintiffs sought to pursue a multistate class action in the alternative to a nationwide class in the two states in which ***they resided***. *Id.* There is but one plaintiff here seeking to represent eight other states in which there is no named plaintiff residing. Am. Compl. ¶ 47.

Plaintiff's reliance on *Henderson* also does not solve her problem. Henderson addressed an argument related to absent class members. *Henderson v. Corelogic Nat'l Background Data,*

7

*LLC,* 2016 WL 4611570, *3 (E.D. Va. Sept. 2, 2016). Such is not the case here. Lowe's challenges ***Plaintiff's*** standing to bring claims under ***other states*** laws. (*See* ECF 25.) As discussed above, the relevant case law bars Plaintiff from doing so here.

Plaintiff must establish ***her own*** Article III standing. To do so, she must establish a connection between herself and Arkansas, Kentucky, Idaho, Montana, Alaska, South Carolina, Tennessee, and Utah. (Am. Compl. ¶ 47.) She has not done so here, and dismissal for a lack of standing to bring claims on behalf of a multi-state class is warranted.

### III.    The Court Should Dismiss Plaintiff's VCPA claim.

Plaintiff has failed to plead her VCPA claim sufficiently under Rule 9(b). As Plaintiff agrees, Rule 9(b) requires that a plaintiff, "at a minimum, describe the time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Murphy v. Capella Educ. Co.*, 589 F. App'x 646, 652 (4th Cir. 2014) (affirming dismissal of VCPA claim for failure to meet Rule 9(b) requirements); *see also* ECF No. 27, p. 8. Plaintiff's Complaint contains only four conclusory allegations for this claim. One of the allegations incorporates by reference all preceding allegations, but she does not adequately plead the who, what, where, and when sufficient to survive Rule 9(b) scrutiny. Thus, dismissal of Plaintiff's VCPA claim is warranted.

### IV.    Plaintiff Waived Opposition to Lowe's Position on Her Stand-Alone Fraud Claim.

Plaintiff's opposition is silent on her stand-alone fraud claim. As such, Plaintiff has waived opposition to Lowe's motion to dismiss this claim. *See e.g.*, *Scarborough v. Winthrop Univ.*, 2021 WL 4596559, *3 (D.S.C. Jan. 15, 2021), *report and recommendation adopted*, 2021 WL 4398422 (D.S.C. Sept. 27, 2021) (explaining that the failure to respond to a motion to dismiss argument is an indication that the plaintiff concedes that point and is tantamount to waiver). The stand-alone fraud claim should be dismissed.

## CONCLUSION

For all these reasons, the Court should dismiss Plaintiff's Complaint.

Dated this 30th day of September, 2024.

Respectfully Submitted,

*/s/ Frank Talbott V*
R. Trent Taylor (VSB No. 47468)
Frank Talbott V (VSB No. 86396)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
T:  (804) 775-4773
F"  (804) 698-2313
rtaylor@mcguirewoods.com
ftalbott@mcguirewoods.com

*Counsel for Defendant Lowe's Home Centers, LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that on September 30, 2024, I electronically filed the forgoing with the Clerk of Court using the Court's ECF system, which will send notification of such filing to all counsel of record.

                                            Respectfully Submitted,

                                            */s/ Frank Talbott V*

                                            *Counsel for Defendant Lowe's Home Centers, LLC*