IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ELEANOR LOVINFOSSE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:23-cv-574 (RDA/LRV) |
| ) | |
| LOWE'S HOME CENTERS, LLP., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant's Motion to Dismiss (Dkt. 24) (the "Motion"). This Court has dispensed with oral argument as it would not aid in the decisional process. *See* Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). This matter is fully briefed and ripe for disposition. Considering Plaintiff's Amended Class Action Complaint (Dkt. 9), Defendant's Memorandum in Support (Dkt. 25), Plaintiff's Opposition (Dkt. 27), and Defendant's Reply (Dkt. 28), this Court GRANTS Defendant's Motion for the reasons that follow.

### I. BACKGROUND

#### A. Factual Background[1]

Defendant is a national retail store that "specializes in home improvement." Dkt. 9 ¶ 1. Plaintiff alleges that Defendant's deceptive use of "Online Choice Architecture" ("OCA") resulted in her purchasing an unnecessary water hose under the impression that it was "Required for Use." *Id.* ¶¶ 3, 19-20. Merchants utilize OCA to increase "average order value" ("AOV"), a metric that measures the average gross revenue of all orders over a defined period. *Id.* ¶ 5. A higher AOV,

---

[1] For purposes of considering the Motion to Dismiss, the Court accepts all facts contained within the Amended Class Action Complaint as true, as it must at the motion-to-dismiss stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

1

in turn, offsets customer acquisition costs due to the business receiving more money from each customer, thus leading to greater profit. *Id.* ¶ 5. Two common OCA tactics are upselling and cross-selling. *Id.* ¶ 6. Upselling is when a merchant suggests to a customer a similar but more expensive product than the product he or she intended to buy. *Id.* ¶ 7. Meanwhile, cross-selling is when a merchant recommends to a customer a complementary item that, in theory, would make the original product easier to use or provide some added benefit to the customer (*e.g.*, offering extra batteries with a remote or a protection plan for a TV). *Id.* ¶¶ 8-9.

"Sneak into basket" is a form of cross-selling, whereby an extra item is automatically added to the customer's cart, leaving it to the customer to remove the item from his or her cart. *Id.* ¶ 12. This tactic relies on "the default effect," meaning that the merchant expects the customer to keep the added product in his or her cart, by either choosing not to remove the added item or not noticing it before the transaction is complete. *Id.* ¶ 15. Defendant is alleged to have taken this tactic one step further by labeling additional items as "necessary" accessories when, in fact, any necessary parts are already included with the purchase of the original item. *Id.* ¶¶ 17-20. Defendant's alleged use of this "sneak into basket" tactic is at the center of Plaintiff's putative class action here.

Sometime in or around 2022, Plaintiff bought a washing machine from Defendant's website. *Id.* ¶ 36. Plaintiff either did not notice the added water hose on the confirmation page when she "checked out" for the washing machine and/or she noticed it and saw that it was designated as "Required for Use," and therefore, chose not to remove it. *Id.* ¶ 37.

Although Plaintiff is unsure whether she noticed the addition of the water hose, a consumer who did notice the addition would have also seen an information symbol (the letter "i" within a circle) at the top of the check-out page. *Id.* ¶ 17. Next to this symbol, the webpage would state, "These items are necessary for your appliance to function properly[,]" referring to the water hose.

2

*Id.* ¶¶ 18-19.  In this regard, according to Plaintiff, a consumer would have seen the water hose specifically labelled "Required for Use" in bold letters. *Id.* ¶ 18.  Not until completing the purchase and reading the 72 page "Owner's Manual & Installation Instructions" that came with the washing machine would a consumer learn that all the necessary parts were supplied with the washing machine and that the additional water hose snuck into the basket as required for use was, in fact, not necessary.  *Id.* ¶¶ 21-22.

B.  Procedural Background

On April 28, 2023, Plaintiff filed her initial Complaint against Defendant in this Court. Dkt. 1.  Plaintiff then filed an Amended Complaint against Defendant on July 12, 2023, alleging a host of fraud and breach of warranty claims against Defendant, on behalf of herself and all others similarly situated.  Dkt. 9.  On September 12, 2023, Defendant filed a Motion to Compel Arbitration or, in the Alternative, Motion to Dismiss, Dkt. 17, which this Court denied on August 8, 2024, with leave to renew the Motion to Dismiss, Dkt. 23.

In her briefing on this prior motion, Plaintiff withdrew her claims for breaches of warranty, negligent misrepresentation, and unjust enrichment, and her demand for injunctive relief.  Dkt. 21 at 7 n.1.  Accordingly, Plaintiff's remaining claims are for (1) violation of the Virginia Consumer Protection Act of 1977 (and similar consumer fraud acts in other states), and (2) fraud.  *See* Dkt. 9.

On September 9, 2024, Defendant filed its renewed Motion to Dismiss, Dkt. 24, and an accompanying memorandum of law, Dkt. 25.  On September 23, 2024, Plaintiff filed her Opposition. Dkt. 27.  On September 30, 2024, Defendant filed its Reply.  Dkt. 28.

## II.  LEGAL STANDARD

### A.  Rule 12(b)(1) Standard

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal when the Court lacks jurisdiction over the subject matter of the action.  A district court must dismiss an action over which it lacks subject-matter jurisdiction.  Fed. R. Civ. P. 12(b)(1), (h)(3).  In considering a 12(b)(1) motion to dismiss, the burden is on the plaintiff to prove that subject-matter jurisdiction is proper.  *See United States v. Hays*, 515 U.S. 737, 743 (1995) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)); *see also Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

There are two ways in which a defendant may prevail on a 12(b)(1) motion.  First, a defendant may attack the complaint on its face when the complaint "fails to allege facts upon which subject matter jurisdiction may be based."  *Adams*, 697 F.2d at 1219.  Under this method of attack, all facts as alleged by the plaintiff are assumed to be true.  *Id.*  Alternatively, a 12(b)(1) motion to dismiss may attack the existence of subject-matter jurisdiction over the case apart from the pleadings.  *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995).  In such a case, "[n]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims."  *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.3d 884, 891 (3d Cir. 1977).

### B.  Rule 12(b)(6) Standard

To survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleaded factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). When reviewing a motion brought under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). "[T]he court 'need not accept the [plaintiff's] legal conclusions drawn from the facts,' nor need it 'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006)). Additionally, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Generally, courts may not look beyond the four corners of the complaint in evaluating a Rule 12(b)(6) motion, *see Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015), but they "may consider documents . . . attached to the motion to dismiss, as long as they are integral to the complaint and authentic[,]" *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

Claims of fraud are subject to the additional requirements of Rule 9(b). Fed. R. Civ. P. 9(b). Rule 9(b) requires that the plaintiff name the time, place, and contents of the false misrepresentations, as well as the identity of the person making the misrepresentation and what he obtained thereby; facts often referred to as the who, what, when, where, and how of the alleged fraud. *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008).

III. ANALYSIS

In its Motion, Defendant makes three arguments. *First*, Defendant argues that this Court lacks subject matter jurisdiction because Plaintiff's class action claims do not meet the $5 million jurisdictional threshold. *Second*, Defendant argues that Plaintiff lacks standing to bring class claims under the laws of states in which she does not reside and has not suffered injury. *Third*, Defendant argues that Plaintiff has failed to state a claim because she has not pleaded her fraud-based claims with particularity. Because the Court finds that it lacks subject matter jurisdiction, the Court does not reach Defendant's other arguments.

In this case, Plaintiff alleges subject matter jurisdiction on the basis of the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d)(2). Dkt. 9 ¶ 25. One of the requirements for subject matter jurisdiction under CAFA is that the amount in controversy must exceed $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). Based on the jurisdictional evidence attached to Defendant's memorandum in support of its Motion, Plaintiff cannot satisfy this requirement.

In her Amended Class Action Complaint, Plaintiff seeks certification of the following classes:

> **Virginia Class:** All persons in the State of Virginia who purchased the Product during the statutes of limitations for each cause of action alleged; and
>
> **Consumer Fraud Multi-State Class:** All persons in Arkansas, Kentucky, Idaho, Montana, Alaska, South Carolina, Tennessee, and Utah who purchased the Product during the statutes of limitations for each cause of action alleged.

Dkt. 9 ¶ 47. Plaintiff does not clearly define "the Product" in her Amended Class Action Complaint. The only two specific products described in the Amended Class Action Complaint, however, are the "EASTMAN 2-Pack 6-ft 3/4-in Fht Inlet x 3/4-in Fht Outlet Stainless Steel Washing Machine Connector" (the water hose) and the "General Electric ('GE') 2.4 cubic feet

High Efficiency Stackable Steam Cycle Front Load Washer" (the washing machine). *Id.* ¶¶ 17, 19. Because the product plaintiff alleges was fraudulently "snuck into her basket" is the water hose; "the Product" is only reasonably read to refer to the water hose.[2]

As an exhibit to its memorandum in support of its Motion, Defendant provides a declaration stating that, "[a]ccording to Lowe's transaction records, the total dollar value of online sales of the water hose purchased by Ms. Lovinfosse and sold with the [washing machine] since 2019 [the year Lowe's first began selling the washing machine] in the states at issue in this matter is $13,813.11." Dkt. 25-1 ¶ 8. Accordingly, assuming Plaintiff could recover the full purchase price for every individual who purchased the water hose with the washing machine, compensatory damages would not approach the $5 million threshold. Even assuming Plaintiff has pleaded a basis for punitive damages, punitive damages could not permissibly close the $4,986,186.90 gap. *See State Farm*

---

[2] In her Opposition, Plaintiff argues that the term "the Product" should be read to include other items inaccurately deemed "necessary" by Defendant by pointing to more general language in other paragraphs of her Amended Class Action Complaint. *See, e.g.*, Dkt. 9 ¶ 12 ("One subset [of consumer harms] is referred to as 'sneak into basket' or 'expanding shopping cart' whereby "somewhere in the purchasing journey the site sneaks an extra item into the shopping basket, often through the use of an opt-out radio button or checkbox on a prior page."); *id.* ¶ 41 ("Had Defendant not told her and other customers that an unnecessary item was necessary, Plaintiff and consumers would not have bought those items."); *id.* ¶ 56 ("Plaintiff and consumers believed the items Defendant designated as 'required for use' were needed to use the main item and paid for those items, relying on its recommendations and advice."). Plaintiff's only allegation, however, that Defendant actually applies the "sneak into basket" technique to other items is vague and made "upon information and belief" and is thus insufficient to support a broader reading. *See id.* ¶ 24 ("Upon information and belief, Defendant's website employs 'sneak into basket' across a variety of items, and in many of those instances, the 'required' items are only there to increase the [average order value], boosting its profits."); *Carter v. Va. Dep't of Game & Inland Fisheries*, 2018 WL 3614975, at *9 (E.D. Va. July 27, 2018) (holding that allegations based on information and belief "veer away from supporting plausible inferences, and turn instead toward unsupportable conclusory talismanic statements"). In this regard, Plaintiff never identifies any other such product and, indeed, in her conclusory allegation, Plaintiff alleges that not every such unspecified other product is marked as "required," in the same way that Plaintiff alleges the water hose was in this case. Moreover, because Plaintiff has not identified the other products, the prices applicable to such products, or the number of times such products were sold online, the Court cannot rely on such products to reach the $5 million threshold.

*Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003) (reversing punitive damage award with ratio of "145 to 1" and stating that "few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process").  Accordingly, this Court lacks subject matter jurisdiction over the case, and the Motion will be granted on this basis.

*** 

Accordingly, it is hereby ORDERED that Defendant's Motion to Dismiss (Dkt. 24) is GRANTED; and it is

FURTHER ORDERED that Plaintiff's Amended Class Action Complaint is DISMISSED WITHOUT PREJUDICE; and it is

FURTHER ORDERED that Plaintiff is DIRECTED to file any Second Amended Class Action Complaint within FOURTEEN (14) DAYS of the issuance of this Memorandum Opinion and Order.

The Clerk is directed to forward copies of this Memorandum Opinion and Order to all counsel of record.

It is SO ORDERED.

Alexandria, Virginia
August 29, 2025

/s/
Rossie D. Alston, Jr.
United States District Judge